IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINNIE SHARPER, JR.,<br><br>        Petitioner,<br><br>  vs.<br><br>ROBERT AYERS, Warden,<br><br>        Respondent. | No. C 07-0351 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the San Quentin State Prison in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state sentence on a probation revocation. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced on October 28, 2003, after a probation revocation hearing in the Superior Court in Martinez, California, to ten years in state prison. Petitioner appealed his sentence to the California Court of Appeal, which denied the appeal in 2004. The Supreme Court of California denied Petitioner's petition for review in 2005. The instant federal habeas petition was filed on January 18, 2007.

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

The petition raises the following ground for relief: Petitioner suffered ineffective assistance of counsel under the Sixth Amendment based on counsel's recommendation that Petitioner confess to certain allegations during revocation proceedings, in his summation and in failing to adequately investigate Petitioner's potential defense to the allegations; and that Petitioner's sentence on the probation revocation violates the Eighth Amendment. Petitioner's challenges to the state appellate courts' denial of the above claims does not present a claim for relief, as that challenges addresses the same alleged underlying constitutional errors as set forth above.

Petitioner's claim that the trial court's decision to revoke probation and sentence Petitioner to ten years in state prison was an abuse of discretion does not present a federal claim. A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his ineffective assistance of counsel and Eighth Amendment claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of

2

1  the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2        2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

      4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

      IT IS SO ORDERED.

DATED: July 26, 2007

                                               JEFFREY S. WHITE
                                               United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

VINNIE SHARPER JR,

        Plaintiff,

  v.

ROBERT AYERS et al,

        Defendant.

Case Number: CV07-00351 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vinnie Sharper
V13802
San Quentin State Prison
FH002L
San Quentin, CA 94974

Dated: July 26, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk